# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50221
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID DURAN-ARIAS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-2045

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Duran-Arias pleaded guilty to one count of being found in the United States following deportation. The district court denied Duran-Arias's request for a downward departure or variance and sentenced him within the advisory guidelines range to 24 months in prison, to be followed by a three-year term of nonreporting supervised release. Duran-Arias argues on appeal that his counsel rendered ineffective assistance by failing to argue at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50221

sentencing the points that were raised in the defense sentencing memorandum, failing to request specific relief, and failing to object on the record at sentencing to preserve Duran-Arias's appellate arguments.   In addition, Duran-Arias complains that his trial counsel's reference to his client's alcohol addiction in the request for a below-guidelines sentence constituted ineffective assistance because it was an improper basis for a downward departure under the Sentencing Guidelines.

This court generally does not review claims of ineffective assistance of counsel on direct appeal.  *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).  We have "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim."  *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).  In most instances, we qualify a claim as a "rare case" warranting review only when it was raised and developed in a post-trial motion to the district court.  *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007).  Duran-Arias did not raise these ineffective assistance claims in the district court at any time.  Because the record is not sufficiently developed to allow for a fair consideration of these claims, we decline to consider them on direct appeal without prejudice to Duran-Arias's right to raise them on collateral review.  *See Isgar*, 739 F.3d at 841.  Accordingly, the judgment of the district court is AFFIRMED.